# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHAWN SHEPHERD,**

 **Plaintiff,**

v.         **CASE NO.:**

**MONRO MUFFLER BRAKE, INC. d/b/a TIRE CHOICE AUTO SERVICE CENTERS,**

 **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHAWN SHEPHERD ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, MONRO MUFFLER BRAKE, INC. d/b/a TIRE CHOICE AUTO SERVICE CENTERS ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Defendant operates auto service centers.

5. Defendant is a foreign corporation.

6. Plaintiff worked for Defendant as a service person.

## GENERAL ALLEGATIONS

7. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA and was thus subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

10. Defendant continues to be an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

12. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

2

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

## FACTS

17. Plaintiff worked for Defendant from July 10, 2021 through December 8, 2021, as a service representative.

18. At all times material hereto, Plaintiff worked hours at the direction of Defendant and Plaintiff was not paid a minimum wage for all of the hours that he worked.

19. By not paying Plaintiff for all the hours he worked Defendant failed to pay Plaintiff a minimum wage.

20. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. During the statutory period, Plaintiff worked for Defendant, and he was not paid the applicable minimum wage for the hours that he worked, as mandated by the FLSA.

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

24. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of January 2022.

        Respectfully submitted,

        _____
        **LUIS A. CABASSA**
        Florida Bar Number: 0053643
        **Wenzel Fenton Cabassa, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: (813) 379-2565
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: gnichols@wfclaw.com
        **Attorneys for Plaintiff**

        **and**

        **SCOTT M. WEAVER**
        Florida Bar Number: 573221
        **THE WEAVER LAW FIRM, P.A.**
        801 West Bay Dr., Suite 426
        Largo, Florida 33770
        Direct No. 727-316-5330
        Facsimile: 727-499-7322
        E-mail: scott@theweaverlawfirm.com
        **Attorney for Plaintiff**